NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| MARK WAGENHOFFER, : |   |
| : | **OPINION** |
| Plaintiff, : |   |
| : | Civil Action No. 07-CV-2373 (DMC) |
| v. : |   |
| : |   |
| STEVEN FARRELL, : |   |
| : |   |
| Defendant. : |   |
| : |   |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Steven Farrell ("Defendant") for summary judgment pursuant to Fed. R. Civ. P. 56, or, alternatively, to dismiss for failure to comply with a court order pursuant to Fed. R. Civ. P. 37(d). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, Defendant's motion for summary judgment is **granted**.

I.   BACKGROUND

This action arises out of the December 13, 2005 arrest of Plaintiff Mark Wagenhoffer following a motor vehicle stop. Defendant is a police officer with the Clifton Police Department. Plaintiff alleges that Defendant violated his Fourth Amendment right against unreasonable search and seizure when Defendant searched Plaintiff's vehicle "without a search warrant or probable cause and exigent circumstances."

Plaintiff filed a Complaint on May 21, 2007 raising a claim under 42 U.S.C. § 1983 for

Defendant's alleged deprivation of Plaintiff's Fourth Amendment rights.  Defendant answered the Complaint on March 5, 2008, adding a counter-claim against Plaintiff for counsel fees and costs. A scheduling Order was entered by Magistrate Judge Falk on April 14, 2008, requiring that discovery be concluded by July 14, 2008, and warning that, "[n]o discovery shall be issued or engaged in thereafter."  On July 10 the Court received a letter from Defendant stating that Plaintiff had failed to participate in discovery in any manner whatsoever, including failing to appear at his scheduled deposition.

Following a status conference, Judge Falk entered an amended scheduling Order requiring all discovery be completed by November 1, 2008.  Again, however, Plaintiff failed to participate in any discovery prior to the deadline.  Defendant filed a motion for summary judgment on December 1, 2008, seeking judgment as a matter of law both on the merits and based upon Plaintiff's failure to comply with the Court's discovery orders.

Plaintiff did not contact the Court again until January 9, 2009, when he filed a letter purportedly as an opposition to Defendant's motion for summary judgment.  Plaintiff's letter contained no arguments in opposition to Defendant's summary judgment motion, however, and instead explained only that he could not participate in discovery at that time due to financial considerations.  Plaintiff requested an extension of the discovery period based upon his apparent desire to use transcripts from a related state court case.  The Court did not agree to extend the discovery period.

Plaintiff has since filed two similar letters with the Court, with each explaining that the state proceeding had been adjourned and reiterating Plaintiff's intention to rely on the transcripts

therefrom in his discovery.  To date, Plaintiff has not provided any discovery, nor has he offered any substantive response to Defendant's motion for summary judgment.

**II.    DISCUSSION**

       A.    *Summary Judgment*

       Defendant's motion for summary judgment is granted.  Summary judgment is appropriate only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). Importantly, the non-moving party may not rest upon the mere allegations or denials of his pleading, but must instead produce sufficient evidence to support a jury verdict in his favor.  See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  See Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).

       Here, summary judgment is appropriate because Plaintiff has utterly failed to support his allegations with any evidence whatsoever.  Defendant's summary judgment motion establishes that he is entitled to judgment as a matter of law on the merits because his actions were protected by a qualified immunity, and that, in any event, the search was reasonable.  Plaintiff's response fails to provide any evidence to support a verdict in his favor, and certainly fails to "set out specific facts showing a genuine issue for trial."  See Fed. R. Civ. P. 56(e).  Accordingly, because the Court finds that Defendant has satisfied his burden of showing the absence of factual issues and that he is entitled to judgment as a matter of law, and because Plaintiff failed to support his allegations with

any evidence showing a genuine issue of fact for trial, the Court finds that summary judgment is appropriate.

        B.     *Dismissal Under Rule 37*

        Alternatively, the Court also finds that Plaintiff's claim should be dismissed under Fed. R. Civ. P. 37(b) as a sanction for failing to comply with the Court's discovery orders.  As explained above, Plaintiff repeatedly failed to comply with the Court's discovery orders, and, on a more basic level, failed to provide Defendant with any discovery whatsoever.  While the Court recognizes that Plaintiff requested discovery extensions based upon an apparent intention to rely on the transcripts from a related state court proceeding, the Court nonetheless finds that these requests were untimely, not approved, and ultimately insufficient.  As a participant in the underlying incident, for example, Plaintiff did not need to rely on the state court transcripts to provide at least a modicum of discovery, and he certainly could have attended his own deposition.  Accordingly, because Plaintiff failed to comply with the Court's discovery orders, and because Plaintiff failed to provide Defendant with any discovery whatsoever during the two-year pendency of this case, the Court finds that dismissal is appropriate under Rule 37(b).  Plaintiff will not be required to pay Defendant's expenses, however, because the Court finds that Plaintiff's indigent status and apparent unfamiliarity with the court system would make such an award unjust.  See Fed. R. Civ. P. 37(b)(2)(C).

        C.     *Pro Bono Counsel Application*

        Finally, Plaintiff's application for pro bono counsel is also denied.  Courts considering an application for pro bono counsel must determine as a threshold matter whether the claim has some merit in fact and law.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  Here, Plaintiff's sole

support for his claim is that, "[Defendant] searched the vehicle which I was operating without a search warrant or probable cause and exigent circumstances."   Because the Court finds that Plaintiff's claim lacks merit in both fact and law, his application for pro bono counsel is denied.

**III.**   C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

For the foregoing reasons, Defendant's motion for summary judgment is **granted**, and Plaintiff's application for pro bono counsel is **denied**.   An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July  13 , 2009
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

5